UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE BREWER,<br><br>      Petitioner,<br><br>  v.<br><br>M. C. KRAMER,<br><br>      Respondent. | 1:08-cv-00030-AWI-TAG HC<br><br>ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR FILING PETITION PURSUANT TO 28 U.S.C. § 2254 |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has conducted a preliminary review of the Petition.

**DISCUSSION**

     Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying

2

claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts in this petition the following grounds for relief: (1) insufficient evidence that a strike used to enhance his current sentence was actually a crime of violence under California law; and (2) due process violation of the plea agreement for the strike prior by using that conviction in a subsequent proceeding to enhance the sentence. In his petition, Petitioner alleges that he filed a state habeas petition in the Fresno County Superior Court, raising the issue of ineffective assistance of counsel. (Doc. 1, p. 3). He also filed a state petition in the California Court of Appeal, Fifth Appellate District ("5th DCA"), alleging that the prior conviction was not a "strike" under California law. (Id.). Finally, he indicates that he filed a state habeas petition in the California Supreme Court, but does not inform the Court about the issues raised in that petition. In other words, nowhere in the instant petition does Petitioner indicate that he has ever presented the two issues in this petition to the California Supreme Court.

From the foregoing, it appears that Petitioner's claims were never presented to the California Supreme Court.[1] If Petitioner has not presented his claim to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). If Petitioner has presented his federal claim to the California Supreme Court and simply neglected to inform this Court, Petitioner must inform the Court of when and where he presented the claim to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. From the instant petition, this Court cannot determine whether Petitioner's claim has ever been presented to

---

[1] Petitioner has attached a copy of the 5th DCA's unpublished opinion in his direct appeal. However, the Court's review of the California court system's electronic database indicates that Petitioner never filed a Petition for Review in his direct appeal. Therefore, in order to fully exhaust any of the issues raised in the direct appeal in the 5th DCA, Petitioner would have to raise those issues in a habeas petition in the California Supreme Court.

3

the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner must inform the Court what claims have been presented to the California Supreme Court as well as the dates when the California Supreme Court ruled on those claims.[2] Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised. The Court will not consider the original petition. Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to state a federal claim.

IT IS SO ORDERED.

Dated: **February 6, 2008**                                     /s/ **Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court. However, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 69 USLW 4473 (2001).