IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCE D. BREWER,

    Petitioner,

  v.

M.C. KRAMER,

    Respondent.
_____/

No. C 08-00030 CW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

INTRODUCTION

    Petitioner Vince D. Brewer, an inmate incarcerated at Folsom State Prison in Folsom, California, petitions pro se for a writ of habeas corpus under 28 U.S.C. § 2254 seeking modification of his sentence from ten years to five years. Respondent M.C. Kramer, Warden of Folsom State Prison, opposes this petition. Having considered all of the papers filed by the parties, the Court DENIES the petition for a writ of habeas corpus.

BACKGROUND

    On September 17, 2005, a jury convicted Petitioner of misdemeanor battery and attempted second-degree robbery. Petitioner waived his right to a jury trial on the issue of any prior offenses that could serve as grounds for sentence enhancements. Recorder's Transcript (RT) at 697-98. In a separate bench trial, the court found true allegations that, under a plea

agreement, Petitioner had plead guilty to second-degree armed robbery in 1995 (1995 prior conviction), and had served two separate prison terms for prior felony convictions. People v. Brewer, No. F047113, slip op. at 1 (Cal. Ct. App. Dec. 27, 2005). The court found that Petitioner's 1995 prior conviction was a "strike" under California's three strikes law. RT at 714. The court stayed a one-year prior prison-term enhancement for an unspecified offense and sentenced Petitioner to ten years, consisting of the following: four years on attempted robbery, representing one-half of the four-year midterm for robbery, doubled under the three strikes law; a five-year enhancement for the 1995 prior conviction; and a one-year enhancement for the prison term served for the 1995 prior conviction. RT at 930.

On direct appeal, Petitioner raised the following four claims: (1) Petitioner was illegally convicted of two crimes (i.e., misdemeanor battery and attempted second-degree robbery) that stemmed from only one transaction; (2) the trial court gave an incorrect answer to a jury question regarding the charge of misdemeanor battery; (3) trial counsel provided ineffective representation; and (4) the trial court erred in applying two enhancements based on Petitioner's 1995 prior conviction. Brewer, No. F047113, slip op. at 1. The appellate court reversed Petitioner's battery conviction and ordered the trial court to strike the one-year prison term enhancement based on Petitioner's 1995 prior conviction and vacate the other, stayed prison term

enhancement based on an unspecified offense.[1]  Id. at 3.  In all other respects, the judgment was affirmed.  Id.  The net effect of Petitioner's appeal did not change the length of his ten-year sentence.

Subsequently, Petitioner moved the trial court to modify his abstract of judgment on the basis of ineffective representation of counsel and improper sentence enhancements.  Order Denying St. Habeas Corpus Pet. 1-2, Sept. 13, 2006.  That motion was denied on August 25, 2006.

On August 11, 2006, Petitioner filed a state habeas petition in Fresno County superior court raising several issues including improper sentence enhancements in violation of his rights under the Sixth and Fourteenth Amendments and breach of his 1995 plea agreement.  On September 13, 2006, the court denied the petition.  The court denied the Sixth and Fourteenth Amendment claims because it found that the jury previously determined that Petitioner had suffered a prior "serious felony" conviction under California's three strikes law.  Order Denying St. Habeas Corpus

---

[1] It is not clear, however, whether the trial court properly executed the appellate court's order.  On January 29, 2009, this Court issued an order asking Respondent to confirm whether the trial court had corrected Petitioner's sentence as directed, to which the Respondent answered that it had.  As proof, Respondent provided the Court with an Amended Minute Order which states that "[t]he prior prison term enhancement for the 1995 robbery conviction previously stayed is stricken."

It appears to the Court, however, that the Amended Minute Order does not properly reflect the appellate court's direction. First, it mentions only one prior prison-term enhancement; there were two.  Second, it states that the prior prison-term enhancement for the 1995 conviction had been previously stayed; it was not. The Amended Minute Order seems to confuse and combine the two prior prison-term enhancements originally applied by the trial court. Notwithstanding this apparent mistake, the length of Petitioner's sentence appears to be unaffected.

3

Pet. at 2, Sept. 13, 2006. The court denied the breach of plea-agreement claim on grounds that the record contained no evidence of such a breach, but did show that Petitioner had the opportunity to raise, yet did not raise, the alleged breach during his sentencing hearing. Id.

On September 14, 2006, Petitioner filed, in the California court of appeal, a state habeas petition which the court denied without prejudice on procedural grounds on March 23, 2007. On June 7, 2007, the court of appeal summarily denied a subsequent, amended state habeas petition. On December 12, 2007, the California Supreme Court summarily denied Petitioner's state habeas petition.

On January 7, 2008, Petitioner filed this federal habeas petition in which he alleges that: (1) the trial court violated his due process rights under the Fourteenth Amendment by improperly using his 1995 prior conviction to impose a five-year sentence enhancement on his present prison term; (2) the trial court violated his right to a jury trial when it, instead of a jury, determined he had suffered the 1995 prior conviction; and (3) the trial court violated his rights under the Fourteenth Amendment by imposing sentence enhancements in violation of a plea agreement in his 1995 case.

LEGAL STANDARD

Because Petitioner filed his habeas petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a district court may grant a petition challenging a state sentence on the basis of a claim that was reviewed on the merits in state court only if the state court's adjudication of the claim: "(1) resulted in a

4

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established federal law" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 402-04, 412 (2000). A state court's decision is "contrary to" Supreme Court law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or reaches a different conclusion based on facts indistinguishable from a Supreme Court case. Id. at 412-13. A state court's decision constitutes an "unreasonable application" of Supreme Court precedent if the state court "either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Id. at 407. An "unreasonable application" of federal law is different from an incorrect or erroneous application of federal law. Id. at 412.

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000). Here, the Fresno County superior court was the highest

5

state court to address Petitioner's claims on the merits.

## DISCUSSION

A. Fourteenth Amendment Claim

Petitioner claims that the trial court violated his due process rights under the Fourteenth Amendment by using his 1995 prior conviction to impose a five-year enhancement on his present prison term. He argues that the trial court lacked sufficient evidence to find that his 1995 prior conviction, for second-degree armed robbery, was a "serious felony" conviction. Under California's three strikes law, a court shall apply a five-year sentence enhancement if a defendant was previously convicted of a serious felony. Cal. Penal Code § 667(a)(1). Any armed felony qualifies as a serious felony. Cal. Penal Code § 1192.7(c)(23).

Whether a previous conviction qualifies as a serious felony conviction under California's three strikes law is a question of state sentencing law. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989). The purpose of federal habeas review, however, is to redress federal, not state, law. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal courts must defer to the state court's interpretation of state sentencing laws. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). Therefore, absent a showing of fundamental unfairness that violates due process, Petitioner's claim is not cognizable under federal habeas review. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

In United States v. Hanna, the Ninth Circuit had occasion to address due process violations in the context of sentencing. 49 F.3d 572, 577 (9th Cir. 1995). The court held that a trial

court violates a defendant's due process rights if it relies on materially false or unreliable information at sentencing. Id. In Hanna, the defendant plead guilty to various drug charges and the trial court used uncorroborated statements made by a co-defendant to enhance the defendant's sentence. Id. at 574, 577. The Ninth Circuit found the statements were unreliable because the co-defendant had an incentive to lie and his testimony conflicted with statements offered by other witnesses. Id. at 578.

This case is distinguishable from Hanna in that the record shows the trial court found, based on Petitioner's abstract of judgment (dated January 31, 1997), testimony, pictures, and a thumb-print analysis, that Petitioner was the person guilty of the 1995 prior conviction and that the conviction was a strike, that is, a serious felony conviction under California's three strikes law. RT at 713-14. In addition, during the sentencing colloquy, Petitioner and his counsel acknowledged, without any objections, that Petitioner's 1995 prior conviction was a strike. RT at 922-30.

Based on the foregoing, the Court finds that Petitioner's five-year sentence enhancement is not based on materially false or unreliable information and, therefore, is not fundamentally unfair so as to violate due process. Furthermore, the state habeas court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, Petitioner's Fourteenth Amendment claim is denied.

B.   Sixth Amendment Claim.

Petitioner also claims that the trial court violated his right to a jury trial when it, instead of a jury, determined he had

suffered the 1995 prior conviction, which served as the basis for his five-year sentence enhancement.  The Sixth Amendment, through the Due Process Clause of the Fourteenth Amendment, affords state criminal defendants the right to trial by impartial jury.  <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149 (1968).  However, the right to a jury trial regarding a prior conviction is not guaranteed by the Constitution.  <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

Here, Petitioner's five-year sentence enhancement hinged only on the court's determination that he had suffered the 1995 prior conviction.  Under <u>Apprendi</u>, Petitioner did not have a constitutional right to a jury trial on the fact of his prior conviction.  <u>Id.</u>  Further, he waived jury on the issue of his prior conviction.  Therefore, the state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, the Court denies Petitioner's Sixth Amendment claim.

C.   Plea Agreement

Petitioner also contends that the state court violated his rights under the Fourteenth Amendment by enhancing his sentence in violation of a plea agreement in his 1995 case.  According to Petitioner, he was not informed, at the time he entered the earlier guilty plea, that his plea could be used to enhance his sentence under any subsequent conviction.  Petitioner's claim has no merit.

Although a defendant is entitled to be informed of the

"direct" consequences of a plea, courts need not advise a defendant of possible "collateral" consequences. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988). A direct consequence "'represents a definite, immediate and largely automatic effect on the range of the defendant's punishment,'" such as mandatory special parole, ineligibility for parole, and the maximum punishment provided by law. Id. at 236. In contrast, a "collateral" consequence results from the future conduct of the defendant. Id. For example, the time for potential parole eligibility is a collateral consequence because it depends, in part, on the defendant's future conduct. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir. 1986).

Similarly here, the possibility that Petitioner could have been convicted of a second serious felony and, therefore, have his sentence enhanced due to his prior conviction was not an automatic consequence of his plea agreement. On the contrary, Petitioner's sentence enhancement was contingent on many factors, including his future conduct. As such, his sentence enhancement is a collateral consequence of his plea and, thus, he was not entitled to be informed of it. The state court's denial of habeas relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

CONCLUSION

Based on the foregoing, the Court DENIES Petitioner's petition for a writ of habeas corpus. Judgment shall enter accordingly.

IT IS SO ORDERED.

Dated: 3/11/09

CLAUDIA WILKEN
United States District Judge